UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FRANCES CHAMPION | : | Case No. 1:17-cv-789 |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 11) AND
TERMINATING THIS CASE IN THIS COURT**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on February 5, 2019 submitted a Report and Recommendation. (Doc. 11). Plaintiff filed objections on February 12, 2019. (Doc. 12). Defendant filed a response to Plaintiff's objections on February 19, 2019. (Doc. 13).

After reviewing the Report and Recommendation, Plaintiff's objections, and the case record, the Court finds that Plaintiff's objections are not well-taken. Plaintiff raises three objections. Plaintiff's objections are largely the same arguments that Plaintiff made in the Statement of Errors (Doc. 7) and the reply to Defendant's opposition to the Statement of Errors (Doc. 10); and the Court finds that the Magistrate Judge offers well-

reasoned analysis addressing Plaintiff's arguments in the Report and Recommendation. Nevertheless, the Court will address those objections below.

First, Plaintiff argues that the Magistrate Judge erroneously applied res judicata and collateral estoppel based on the weight that the administrative law judge ("ALJ") gave a 2010 ALJ decision regarding plaintiff that resulted in a non-disability determination. (Doc. 12 at 3–4). The Court finds that the Magistrate Judge correctly found that the ALJ in this case properly applied the principles set forth in *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997) and Social Security Acquiescence Ruling ("AR") 98-4(6), which require an ALJ to adopt a prior residual functional capacity ("RFC") decision except to the extent that any new and material evidence documented a change in Plaintiff's condition. Here, the 2010 ALJ decision RFC found Plaintiff capable of a reduced range of light work. (Tr. 10, 97). Plaintiff contends that new and material evidence, specifically the increase in severity of her headaches, documented a change in her condition. Plaintiff cites to the Sixth Circuit's decision in *Earley v. Commissioner*, 893 F.3d 929 (6th Cir. 2018) to argue that res judicata and collateral estoppel do not apply in an ALJ's determination of a second application for disability benefits because "human health is rarely static." *Id.* at 933. However, the Sixth Circuit did not overrule *Drummond* and instead found that "it is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Id.* Here, the ALJ did review Plaintiff's new application and based the 2016 RFC finding both on the 2010 decision

2

and new medical evidence. The Court finds that the Magistrate Judge correctly found that "the ALJ based Plaintiff's RFC on the prior ALJ decision . . . <u>and on the above-discussed additional objective medical evidence</u>." (Doc. 11 at 13 (emphasis added)). The ALJ and Magistrate Judge did not simply apply the principles of res judicata or collateral estoppel.

Second, Plaintiff argues that the Magistrate Judge erred in the weight assigned to doctors. (Doc. 12 at 4–6). This argument lacks merit. Plaintiff argues that the ALJ erred in failing to afford controlling weight to the findings of Dr. Marvin Rorick by not giving "good reasons" for not accepting his limitations. However, the Report and Recommendation notes that the ALJ did not give Dr. Rorick controlling weight because, although he offered extreme functional limitations, his examinations consistently produced normal findings. The Court agrees with the Magistrate Judge's finding that the ALJ offered good reason for affording Dr. Rorick little weight because his severe limitations were "inconsistent with the evidence as a whole, including diagnostic imaging and physical and [sic] examination findings, [as well as Plaintiff's] activities of daily living." (Tr. 12). As discussed at length in the Report and Recommendation, the ALJ provided good reasons for the amount of weight afforded to the opinions of the doctors and those reasons are substantially supported by the evidence of the record. (Doc. 11 at 7–13).

Third, Plaintiff contends that the Magistrate Judge erred in its finding that the ALJ properly considered the subjective evidence and Plaintiff's credibility. (Doc. 12 at 6). Plaintiff contends that there is "objective evidence" regarding her headaches and

3

pseudotumor cerebri to support her testimony. However, as the Report and Recommendation discusses, the ALJ properly considered the medical evidence indicating a lack of objective evidence, Plaintiff's subjective reports to her treating doctors, and the Plaintiff's engagement in a wide variety of daily activities in its credibility analysis. The Magistrate Judge also properly noted that an ALJ's credibility analysis is to be given great weight as long as it is supported by substantial evidence. (Doc. 11 at 14). The Court agrees with the Report and Recommendation that the ALJ's credibility findings were substantially supported.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that the Plaintiff's objections (Doc. 12) should be and are hereby **OVERRULED** and the Report and Recommendation (Doc. 11) should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) The Commissioner's decision is **AFFIRMED**, as that decision is supported by substantial evidence;

2) The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date: 3/28/19

Timothy S. Black
United States District Judge